IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

LARRY MONROE, on behalf of himself and
all others similarly situated,

                *Plaintiff,*

v.                                      Civil Action No.: 3:05CV00074

CITY OF CHARLOTTESVILLE, VIRGINIA,
TIMOTHY J. LONGO, SR., in his official
capacity, and JAMES MOONEY, in his official
capacity

                *Defendants.*

## ANSWER TO COMPLAINT AND OBJECTION TO REQUEST FOR CLASS ACTION CERTIFICATION

       Come now your defendants, City of Charlottesville, Virginia, Timothy J. Longo, Sr., in his official capacity, and James Mooney, in his official capacity, by counsel, and, for their Answer to the Complaint and Objection to Request for Class Action Certification, say as follows:

1. The allegations contained in Paragraph 1 of the Complaint are denied, except that it is admitted that for over seven (7) years, female victims in the Charlottesville, Albemarle and Waynesboro area have experienced seven (7) sexual assaults that have been genetically linked to a single individual. The individual's genetic identity and race are known but he has not yet been identified by name.

2. The allegations contained in Paragraph 2 of the Complaint are denied.

3. The allegations contained in Paragraph 3 of the Complaint attempt only to allege conclusions of law, which require no response from your defendants. To the extent a response is required, the allegations are denied.

4. The allegations contained in Paragraph 4 of the Complaint are denied.

5. The allegations contained in Paragraph 5 of the Complaint attempt only to allege conclusions of law, which require no response from your defendants.

6. The allegations contained in Paragraph 6 of the Complaint are admitted.

7. The allegations contained in Paragraph 7 of the Complaint are admitted, except your defendants are without information as to Plaintiff's actual residence.

8. The allegations contained in Paragraph 8 of the Complaint are admitted.

9. The allegations contained in the first sentence of Paragraph 9 of the Complaint are admitted. The allegations contained in the second sentence of Paragraph 9 of the Complaint are denied. With respect to the allegations contained in third sentence of Paragraph 9 of the Complaint, it is admitted only that Timothy J. Longo, Sr., as Chief of Police, makes decisions for the City of Charlottesville relative to the operation of the Police Department and issues policy guidelines. It is denied that he or anyone, on behalf of the City of Charlottesville, issued the alleged policy as described by Plaintiff in the Complaint.

10. Defendant Mooney admits that he is over the age of eighteen (18) and, at all relevant times, was a police officer for the City of Charlottesville. The remaining allegations contained in Paragraph 10 of the Complaint are denied. Defendant Mooney understands, from the style of the case and Plaintiff's further representations, that he is being sued by Plaintiff only in his official capacity. Defendant Mooney denies that he had any responsibility for adoption or promulgation of the alleged policy as described in the Complaint, or any policy.

11. The allegations contained in Paragraph 11 of the Complaint are denied.

12. The allegations contained in Paragraph 12 of the Complaint are denied.

13. The allegations contained in Paragraph 13 of the Complaint are denied.

14. The allegations contained in Paragraph 14 of the Complaint are denied.

15. The allegations contained in Paragraph 15 of the Complaint are denied.

16. The allegations contained in Paragraph 16 of the Complaint are denied.

17. The allegations contained in Paragraph 17 of the Complaint are denied.

18. The allegations contained in Paragraph 18 of the Complaint are denied.

19. The allegations contained in Paragraph 19 of the Complaint are denied.

20. The allegations contained in Paragraph 20 of the Complaint are denied.

21. The allegations contained in Paragraph 21 of the Complaint are denied.

22. The allegations contained in Paragraph 22 of the Complaint are denied.

23. The allegations contained in Paragraph 23 of the Complaint are denied. While the policy alleged in the Complaint did not exist, it is admitted that some individuals were asked on more than one occasion if they would consent to giving a buccal swab sample.

24. Defendants admit only that one or more black males were visited at their homes or worksite. The remaining allegations contained in Paragraph 24 of the Complaint are denied.

25. The allegations contained in Paragraph 25 of the Complaint are denied. Plaintiff volunteered to give a DNA sample to Detective Mooney and has previously admitted under oath that he "probably" consented to providing the DNA sample.
26. The allegations contained in Paragraph 26 of the Complaint are denied.
27. The allegations contained in Paragraph 27 of the Complaint are denied.
28. The allegations contained in Paragraph 28 of the Complaint are admitted except to the extent that they refer to Paragraph 27 of the Complaint, which is denied.
29. Defendants admit only that Larry Monroe consented to have a sample of his DNA taken and that at the time he filed this Complaint he was aware that his DNA sample along with others had been destroyed. The remaining allegations contained in Paragraph 29 of the Complaint are denied.
30. The allegations contained in Paragraph 30 of the Complaint are admitted.
31. With respect to the allegations contained in Paragraph 31 of the Complaint, it is admitted only that Defendants never adopted such a policy. The remaining allegations are denied.
32. The allegations contained in Paragraph 32 of the Complaint are denied.

## Count I – 14th Amendment Equal Protection Violation – 42 U.S.C. §1983

33. Answers to the allegations contained in Paragraphs 1 – 32 by Defendants are incorporated herein.
34. The allegations contained in Paragraph 34 of the Complaint are denied.
35. The allegations contained in Paragraph 35 of the Complaint are denied.
36. The allegations contained in Paragraph 36 of the Complaint are denied.

## Count II – 4th Amendment Unreasonable Seizure

37. Answers to the allegations contained in Paragraphs 1 – 36 by Defendants are incorporated herein.
38. The allegations contained in Paragraph 38 of the Complaint are denied.
39. The allegations contained in Paragraph 39 of the Complaint are denied.

## Count III - 4th Amendment Unreasonable Seizure

40. Answers to the allegations contained in Paragraphs 1 – 39 by Defendants are incorporated herein.
41. The allegations contained in Paragraph 41 of the Complaint are denied.
42. The allegations contained in Paragraph 42 of the Complaint are denied.

### Affirmative Defenses

43. Plaintiff's claims are barred by estoppel and issue preclusion.
44. Plaintiff consented to give the DNA sample. Plaintiff Monroe volunteered to give a DNA sample and admitted under oath on January 31, 2005 in Charlottesville City General District Court that he "probably" consented to giving the sample. Further, the Honorable Robert H. Downer, Jr., General District Court for the City of Charlottesville, in dismissing Plaintiff Monroe's damage claim on January 31, 2005, found that Plaintiff consented to giving the DNA sample.
45. Plaintiff's claims are barred by *res judicata*.
46. Plaintiff is not entitled to federal injunctive relief since the equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will allegedly be wronged again. Since the results of Plaintiff's DNA sample testing excluded him there simply is no likelihood of substantial and immediate irreparable injury.
47. Plaintiff's claims for injunctive relief are moot.
48. The Court should abstain from hearing this case, as a matter of comity, or to stay further action in this case. The allegations of the Complaint arise out of an active ongoing criminal investigation being conducted by the Charlottesville Police Department.
49. The defendants are immune from liability as to some or all of plaintiff's claims.

WHEREFORE, Defendants, City of Charlottesville, Virginia, Timothy J. Longo, Sr., in his official capacity, and James Mooney, in his official capacity, by counsel, respectfully request that the Court:

1. Deny certification for this case to proceed as a class action;
2. Deny Plaintiff's claims for injunctive relief, as a matter of law, as moot;
3. Abstain from or stay further proceedings in this case pending completion of the serial rape investigation;

4. Dismiss Plaintiff's claim that the actual actions authorized or taken by any of the defendants in this case violated Plaintiff's Fourteenth or Fourth Amendment Rights;

5. Deny Plaintiff's request for injunctive relief regarding DNA samples, which samples have already been destroyed;

6. Deny Plaintiff any damages;

7. Award Defendants their costs incurred herein, including reasonable attorney's fees; and such other relief as the Court deems proper.

>           CITY OF CHARLOTTESVILLE, VIRGINIA,
>           TIMOTHY J. LONGO, SR., in his official capacity,
>           and JAMES MOONEY, in his official capacity
>                          By Counsel

*/s/ Richard H. Milnor*

Richard H. Milnor, Esquire, VSB #14177
John W. Zunka, Esquire, VSB #14368
Alvaro A. Inigo, Esquire, VSB #38663
Zunka, Milnor, Carter & Inigo, Ltd.
414 Park Street
P O Box 1567
Charlottesville VA 22902
Phone: (434) 977-0191
Fax:   (434) 977-0198
rmilnor@cstone.net
jzunka@cstone.net
ainigo@cstone.net

### CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of February, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Neal L. Walters, Esquire
Scott Kroner, PLC
418 East Water Street
P O Box 2737
Charlottesville VA 22902
nwalters@scottkroner.com

Deborah C. Wyatt, Esquire
Wyatt & Associates
300 Court Square
Charlottesville VA 22902
Dwesq@aol.com