CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
APR 17 2006
JOHN F. CORCORAN, CLERK
BY: *Fay Coleman*
DEPUTY CLERK

| | |
|---|---|
| LARRY MONROE, *Plaintiff*, | CIVIL ACTION NO. 3:05-CV-00074 |
| v. | MEMORANDUM OPINION |
| CITY OF CHARLOTTESVILLE, et. al., *Defendants*. | JUDGE NORMAN K. MOON |

This matter is before the Court on the Defendants' motions for abstention and partial summary judgment, both filed on March 22, 2006. For the following reasons, these motions are hereby DENIED.

**PROCEDURAL HISTORY**

This case arises from the Charlottesville Police Department's investigations into a series of rapes in the area. In an attempt to find a match for DNA evidence from the assaults, the complaint alleges, Charlottesville police officers asked several hundred youthful-appearing black men to provide DNA samples, the plaintiff among them.[1] On July 20, 2004, the plaintiff sued Defendant Mooney for damages in the General District Court for the City of Charlottesville, Virginia. According to the plaintiff's bill of particulars, his suit claimed three causes of action: unlawful search and seizure under Va. Code Ann. § 19.2-59; assault and battery, and a cause of

---

[1] Plaintiff's motion for class certification is still pending before the Court.

action under Va. Code Ann. § 8.01-42.1. This suit went to trial on January 31, 2005, and after testimony by both the plaintiff and Defendant Mooney, among others, the trial judge found for the defendant. Monroe perfected his appeal to the Circuit Court for the City of Charlottesville, then nonsuited the case on November 7, 2005.

Plaintiff filed suit under 42 U.S.C. § 1983 in this Court on December 16, 2005, alleging that the defendants' actions violated his right to equal protection and constituted an unreasonable seizure. Defendants moved for abstention and for partial summary judgment on the grounds of collateral estoppel.

## STANDARD OF REVIEW

Summary judgment under Federal Rule of Civil Procedure 56 is appropriate only when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See, e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 322–24 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–50 (1986); *Terry's Floor Fashions, Inc. v. Burlington Indus., Inc,* 763 F.2d 604, 610 (4th Cir.1985). In considering a motion for summary judgment, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the non-moving party." *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir. 1994) (citations omitted).

## DISCUSSION

Defendants argue (1) that the Court should abstain from hearing this case because there is an ongoing state judicial proceeding in that Plaintiff may still refile his nonsuited state court suit, and (2) that collateral estoppel bars Plaintiff's claim because a Virginia general district court

necessarily decided the factual issues on which the claim rests. The Court will address each of these arguments in turn.

### a. Motion for Abstention

Defendants move for abstention under *Younger v. Harris*, 401 U.S. 37 (1971), *Harper v. Public Service Commission of West Virginia*, 396 F.3d 348 (4th Cir. 2005), and *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423 (1982). In *Middlesex*, the Court held that the policies underlying abstention under *Younger* also apply to non-criminal judicial proceedings where important state interests are involved. *Id.* at 432. Hence, in considering whether a federal court should abstain from hearing a case under *Younger*, the court should consider (1) whether there is an ongoing state judicial proceeding; (2) whether the proceeding implicates important state interests; and (3) whether there is an adequate opportunity in the state proceeding to raise constitutional challenges. *Id.*

Here the Court need only consider the first prong of this test. Defendants argue that there is an ongoing judicial proceeding in this case because, although Plaintiff has nonsuited his state court suit, he still has at least six months from the date of nonsuit in which to refile it. Virginia law allows a plaintiff to refile a nonsuited case in federal court, *see* Va. Code Ann. § 8.01-380(A); however, the parties and causes of action are different in the suit before this Court and hence this suit cannot be considered a refiling of the state court action. Nonetheless, there is no basis for abstention under *Younger* in this case because there is no ongoing judicial proceeding. A nonsuit puts an end to a pending litigation without prejudice to either party. *Alderman v. Chrysler Corp.*, 480 F. Supp. 600, 603 (E.D. Va. 1979). *See also* William W. Sweeny, Nonsuit in Virginia, 52 Va. L. Rev. 751, 755 n.36 (1966) (noting the absence of a functional difference

3

between a voluntary dismissal and a nonsuit in Virginia practice). Although a nonsuited case may be refiled, it is not before a court *until* it is refiled. Indeed, the relevant Virginia statute refers to the refiling as a "new proceeding." Va. Code Ann. § 8.01-380(A). Hence, there is no judicial proceeding pending after a plaintiff has taken a nonsuit but within the six month window in which he may refile. Defendants' motion for *Younger* abstention thus fails on this point.

### b. Collateral Estoppel

Defendants argue that Plaintiff's Fourth Amendment claims are collaterally estopped by the Charlottesville General District Court's ruling. Plaintiff's federal court complaint alleges, in Count II, that his encounter with the police constituted an unreasonable seizure under the Fourth Amendment, while in Count III he alleges that Defendants' seizure of his bodily fluids also constitutes an unreasonable Fourth Amendment seizure. Plaintiff's general district court warrant in debt derived from these same events; in his bill of particulars Plaintiff alleged that Defendant Mooney conducted a search and seizure without a warrant or consent, entered Monroe's home or curtilage without probable cause, and conducted a physical search of his person without consent, which constituted an assault and battery. Mooney filed a grounds of defense denying the allegations, stating that he only entered the common area of the building, and that Monroe consented to give the DNA sample. After a trial in the Charlottesville General District Court, Judge Downer concluded that Mooney had not trespassed and that Monroe had validly consented to giving the DNA sample.

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court must give a state court judgment the same preclusive effect that it would have in that state's courts. Although general district courts in Virginia are "courts not of record," their final judgments are nonetheless

4

entitled to preclusive effect. *See Air Power, Inc. v. U.S.*, 741 F.2d 53, 59 (4th Cir. 1984). Virginia uses a two-tier court system, however, where general district court judgments are reviewed *de novo* by the circuit court. *Ragan v. Woodcroft Village Apartments*, 255 Va. 322, 327 (1998). The appeal of a general district court's decision to the circuit court nullifies the lower court's judgment and leaves no final judgment to which collateral estoppel can attach. *See Ragan*, 255 Va. at 327 ("the perfected appeal annuls the judgment of the district court as completely as if there had been no previous trial."); *Preston v. Com.*, 14 Va. App. 731, 736 (1992). Defendants argue that these cases only address the effect of a general district court's judgment when the same suit is actually tried before the circuit court, and that they do not bear on the preclusive effect of a general district court's judgment when the plaintiff appeals and then takes a nonsuit. Defendants are unable to assert any authority for this proposition, however, and the burden lies with Defendants to show that they are entitled to summary judgment on this point. *See Catawba Indian Tribe of South Carolina v. South Carolina*, 978 F.2d 1334, 1339 (4th Cir. 1992). Hence, because Plaintiff perfected his appeal to the Circuit Court for the City of Charlottesville before taking a nonsuit, Virginia courts would give that judgment no preclusive effect. Accordingly, neither can this Court.

## CONCLUSION

Because *Younger* abstention is not appropriate in this case and Defendants have failed to show that collateral estoppel bars adjudication of Plaintiff's Fourth Amendment claims, Defendants' Motions for Abstention and Partial Summary Judgment must be denied.

An appropriate order shall issue this day.

ENTERED: /s/ Norman K. Moon
U.S. District Judge

April 17, 2006
Date