CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

AUG 18 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| LARRY MONROE, *Plaintiff,* v. CITY OF CHARLOTTESVILLE, et. al., *Defendants.* | CIVIL ACTION NO. 3:05-CV-00074 ORDER AND OPINION JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's motion for reconsideration, filed on August 15, 2006. For the following reasons, the Court will VACATE its previous order as stated below.

The Court initially notes that its Order of August 14 was intended to be neither punitive nor the final ruling on the matter. Rather, as the Order noted, the Court denied Plaintiff's motion because the scope of the class sought and the relief requested remained unclear in light of the differences between Plaintiff's complaint and memorandum, and in particular because Plaintiff stated in his memorandum that he might seek injunctive relief but did not ask for such relief in his complaint. Therefore the Court issued the order in the expectation that Plaintiff would seek to amend his complaint, whereupon the Court would have readdressed Plaintiff's motion.

In the interests of greater clarity, however, the Court hereby vacates its Order of August 14, and GRANTS Plaintiff leave to amend his complaint to conform his complaint to the class sought in his memorandum in support. The Court recognizes that because Defendant has already filed his answer in this case, leave of the Court is required in order for Plaintiff to amend. Rule

15 provides that leave to amend shall be freely given where justice so requires. Leave to amend should be denied only where the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Prejudice is determined by the nature of an amendment and its timing, and an amendment is not prejudicial where it merely adds an additional theory of recovery and is offered before discovery has occurred. *Id.* at 427. Here, although this case has already been pending for a number of months, it is not yet well advanced toward trial, and no discovery apart from that needed for the class-action certification has occurred. Hence, allowing Plaintiff to amend his complaint to clarify the scope of the class to be certified and the relief sought is unlikely to prejudice Defendant, and in fact will further orderly proceeding and judicial economy by, it is hoped, obviating the need for amendment of the class further on in the proceedings.

Hence, it is ORDERED that:

(1) the Court's order of August 14 is vacated;

(2) Plaintiff is given leave to amend his complaint as stated in this order;

(3) Defendant is given fourteen (14) days to respond.

It is so ORDERED.

The Clerk is hereby directed to send a copy of this Order to all counsel of record.

ENTERED: /s/ [signature]
U.S. District Judge
Aug 18, 2006
Date