IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| LARRY MONROE, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF CHARLOTTESVILLE, VIRGINIA, TIMOTHY J. LONGO, SR., in his official capacity, and JAMES MOONEY, in his official capacity,<br><br>    Defendants. | Civil Action No. 3:05-CV-00074 |

**AMENDED COMPLAINT**
**AND REQUEST FOR CLASS ACTION CERTIFICATION**

Introduction

    1.    For several years the central Virginia area has experienced a number of reports of sexual assaults which have been attributed to a single individual, as yet unidentified. In connection with these reported assaults, the Charlottesville Police Department, acting by and through its Chief of Police, Defendant Timothy J. Longo, Sr., adopted a policy of pressuring local African American men to provide DNA samples so as to determine whether any of these men might be the assailant. This policy was carried out with the knowledge and consent of the City Council and Mayor of the City of Charlottesville.

    2.    Based upon information and belief, at least several hundred African American men were requested to provide DNA samples. The only characteristic these men had in common

with each other was that they were African American. Beyond this, their height, weight, skin tone, build and other characteristics varied widely.

3. All government classifications based on race are subject to strict judicial scrutiny, including decisions regarding who to speak with when police are investigating a crime. All such classifications must be supported by a compelling governmental interest. Where race is a factor and the action is not supported by a compelling governmental interest and does not pass strict scrutiny, the Equal Protection Clause has been violated.

4. The Plaintiff and all members of the proposed class are African American men whose equal protection rights were violated by the decision of the Defendant City to require them to undergo the disquieting experience of being approached by a law enforcement officer, questioned and asked to provide a sample of bodily fluids so as to prove that they were not a serial rapist and such actions were based on the fact that they were African American.

## Jurisdiction and Venue

5. The Plaintiffs' claims arise under 42 U.S.C. § 1983. The court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

6. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(2), because the events that give rise to this Compliant occurred in this district.

## Parties

7. The named Plaintiff is a natural person over the age of eighteen and a resident of the City of Charlottesville. The named Plaintiff is an African American.

8. Defendant City of Charlottesville is a political subdivision of the Commonwealth of Virginia.

9. Defendant Timothy J. Longo, Sr., is a natural person over the age of eighteen and a resident of the City of Charlottesville. Defendant Longo is, and was at all relevant times, the Chief of Police for Defendant City. In his capacity as Chief of Police he was a decision maker for the City of Charlottesville with respect to the policies that are at issue in this action. Defendant Longo is sued in his official capacity.

10. Defendant James Mooney is a natural person over the age of eighteen and, upon information and belief, a resident of the City of Charlottesville. Defendant Mooney is, and at all relevant times was, a police officer for the City of Charlottesville. Defendant Mooney is sued in his official capacty.

## Class Action Allegations

11. Plaintiff brings this action on his own behalf and on behalf of a class composed of all African American men approached by officers of the Charlottesville Police Department (the "Department") during the period from January 1, 2002, through the present, who have been asked to provide a DNA sample as part of the Department's investigation of a number of sexual assaults that occurred in the Charlottesville area during the stated time period (the "serial rapist investigation").

12. The prerequisites of Federal Rule of Civil Procedure 23(a) are satisfied.

13. The class is so numerous and the identity of its members so difficult to determine as to make joinder of all class members impracticable. The City has identified at least 190 persons who would be members of the proposed class.

14. There are questions of law and fact common to the class, including whether the actions of the Defendants violated the class-members' equal protection and Fourth Amendment rights.

15. Named Plaintiff's claims are typical of the claims of class members. He has no adverse interests or conflicts that would prevent him from ably representing the class.

16. Named Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests adverse to or in conflict with those of other class members. Plaintiff's attorneys are experienced in class action, civil rights and federal litigation and have previously litigated such matters before this Court and others.

17. This action can proceed as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3). Defendants have acted on grounds generally applicable to all members of the class, making final declaratory and injunctive relief appropriate with respect to the class as a whole, and common questions of both law and fact (although only one or the other is required to permit class certification) predominate over any issues affecting only individual members, and class action status would be superior to other available methods for the fair and just adjudication of these claims.

Facts

18. On or before April 1, 2002, the Defendants adopted a policy of approaching virtually any and all African-American males of some degree of youthfulness in appearance who came to their attention, but from whom a DNA sample had not previously been obtained, and requesting that the individual consent to a DNA sample.

19. Other than being a youthful-appearing black male, there were no other features to distinguish those who were approached and requested to submit to the giving of a DNA sample from those who were not.

20. Thus, those approached included one or more black males in their 40's, black males of light complexion, black males of dark complexion, short black males, tall black males, thin black males, and black males who are noticeably broad and heavy. As demonstrated by the significant disparity in appearance, age, weight and other characteristics, race was a factor, if not the only factor, in common to all of the class members.

21. Plaintiff is a youthful black male who is noticeably broad and heavy.

22. Although, based upon information and belief, none of the victims of the reported assaults indicated that the assailant was noticeably broad or heavy, Defendants, consistent with their indiscriminate policy of approaching all young African American men, caused to be approached, and approached, Plaintiff at his home to request such a sample.

23. As a result of the aforementioned policy, black males were stopped in the street or wherever found and asked to give a DNA sample, and on occasion were stopped more than once and requested to provide a DNA sample.

24. In addition, one or more black males were visited at their homes and visited on their jobs, causing embarrassment and threatening their employment; at their homes attempts were then made to coerce consent into giving DNA samples.

25 Plaintiff is a black male who was visited in his home and coerced into giving a DNA sample although his appearance, upon information and belief, matched no composite or any other description of the assailant other than his being a black male.

5

26. Often the individual approached and detained for the purpose of obtaining permission for such a sample was harangued, and even on occasion shown grisly pictures in an effort to coerce consent.

27. In addition, the individuals who were approached were not in fact free to decline consent without any negative consequences.

28. To the contrary, police officers were instructed that when consent was not given, a report was to be made of the refusal, giving the name and other information documenting the refusal. This information was then retained by the Department.

29. The Plaintiff and some members of the class had DNA samples taken from them pursuant to the actions of the Defendants. Some or all of these DNA samples have, upon information and belief, been retained by the Defendants.

30. Based upon information and belief, there have been, over the years reports of youthful white male sexual assailants in the Charlottesville-Albemarle area.

31. Based upon information and belief, the Defendants have never, in response to these reports or otherwise, adopted a policy of approaching all white males, or all youthful white males, to provide DNA samples to establish that they were not involved in the reported assaults, nor have white males ever been approached on the basis of their being young white males and, without any other articulable suspicion, requested to submit to a search, including providing a DNA sample.

32. There were absolutely no guidelines established in the policy or otherwise by the Defendants to limit or guide the determination of whom the police would approach other than that it be a youthful black male, and police officers were free to exercise their own predilections and

to approach and detain any African American male they chose for the purpose of interacting with him and attempting to collect a DNA sample.

### Count I - 14th Amendment Equal Protection Violation – 42 U.S.C. § 1983

33. The foregoing allegations are incorporated hereby.

34. The actions of the Defendants in adopting and carrying out a policy of approaching members of a class supposedly resembling an alleged assailant only when the alleged assailant is black and not when the alleged assailant is white is race-based discrimination not narrowly tailored to serve a compelling governmental interest. As a result, the Plaintiff and class members' rights under the Equal Protection Clause of the Fourteenth Amendment have been violated and they are entitled to a declaration to this effect and to appropriate monetary damages.

35. The actions of the Defendants in approaching the Plaintiff and class members and requesting and, in some cases, obtaining DNA samples from the Plaintiff and class members in part or solely because of their race was race-based discrimination and not narrowly tailored to serve a compelling governmental interest. As a result, the Plaintiff's and class members' rights under the Equal Protection Clause of the Fourteenth Amendment have been violated and they are entitled to a declaration to this effect and to appropriate monetary damages.

36. The Plaintiff and class members are entitled to injunctive relief prohibiting the Defendants from engaging in racially discriminatory methods of criminal investigation such as that challenged in the present suit.

37. In addition, the Plaintiff and class members are entitled to recover reasonable attorney's fees in this action pursuant to 42 U.S.C. § 1985.

Count II - 4th Amendment Unreasonable Seizure

38. The foregoing allegations are incorporated hereby.

39. The actions of the Defendants alleged above resulted in the Plaintiff and class members' being subjected to encounters which constituted unreasonable seizures of the persons of the Plaintiff and class members in violation of the Fourth and Fourteenth Amendments and they are entitled to a declaration to this effect and to appropriate monetary damages.

40. In addition, the Plaintiff and class members are entitled to recover reasonable attorney's fees in this action pursuant to 42 U.S.C. § 1985.

Count III - 4th Amendment Unreasonable Seizure

41. The foregoing allegations are incorporated hereby.

42. The actions of the Defendants alleged above resulted in the taking of bodily fluids from the Plaintiff and class members, which constituted unreasonable seizures of the persons of the Plaintiff and class members in violation of the Fourth and Fourteenth Amendments and they are entitled to a declaration to this effect and to appropriate monetary damages.

43. In addition, the Plaintiff and class members are entitled to recover reasonable attorney's fees in this action pursuant to 42 U.S.C. § 1985.

WHEREFORE, the Plaintiff respectfully requests that:

(1) this action be permitted to proceed as a class action;

(2) that the Court declare the actions of the Defendants alleged herein to be in violation of the Plaintiff's and class members' constitutional rights and enjoin the Defendants from violating these rights in the future;

    (3) that the Defendants be ordered to destroy all DNA samples obtained from the Plaintiff and class members as a result of the actions alleged, and that the Defendants further be required to destroy all law enforcement records of the Plaintiff's and class members' compliance and/or noncompliance with requests to provide DNA samples;

    (4) that they be awarded damages in the amount of $15,000.00 per person per incident;

    (5) that the Plaintiffs recover from the Defendants their costs incurred herein, including their reasonable attorney's fees and such other relief as the Court deems proper.

    **TRIAL BY JURY IS HEREBY DEMANDED.**

            Respectfully submitted,

            LARRY MONROE, on his own behalf and on behalf of all members of the proposed class,

            by counsel.

**s/Neal L. Walters**
Neal L. Walters, Esq.
Virginia State Bar No. 32048
Attorney for Plaintiff
Scott│Kroner PLC
418 East Water Street
P.O. Box 2737
Charlottesville, VA 22902
Telephone: (434) 296-2161
Fax: (434) 293-2073
E-mail: nwalters@scottkroner.com

**s/Deborah C. Wyatt**
Deborah C. Wyatt, Esq.
Virginia State Bar No. 17918
Attorney for Plaintiff

300 Court Square
Charlottesville, VA 22902
(434) 296-4130
(434) 297-3083 (fax)
Dwesq@aol.com

C:\Documents\Client Files\General Legal\Monroe, Larry\Amended federal complaint.wpd

---

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 25, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Richard H. Milnor, Esq.
Alvaro A. Inigo, Esq.
Zunka, Milnor, Carter & Inigo, Ltd.
P.O. Box 1567
Charlottesville, VA 22902

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: N/A.


                    **s/Neal L. Walters**
                    Neal L. Walters, Esq.
                    Attorney for Plaintiff
                    Scott│Kroner PLC
                    418 East Water Street
                    P.O. Box 2737
                    Charlottesville, VA 22902
                    Telephone: (434) 296-2161
                    Fax: (434) 293-2073
                    E-mail: nwalters@scottkroner.com