IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

LARRY MONROE, on behalf of himself and
all others similarly situated,

          *Plaintiff*,

v.                                            Civil Action No.: 3:05CV00074

CITY OF CHARLOTTESVILLE, VIRGINIA,
TIMOTHY J. LONGO, SR., in his official
capacity, and JAMES MOONEY, in his official
capacity

          *Defendants*.

## ANSWER TO SECOND AMENDED COMPLAINT AND OBJECTION TO REQUEST FOR CLASS ACTION CERTIFICATION

    Come now your defendants, City of Charlottesville, Virginia, Timothy J. Longo, Sr., in his official capacity, and James Mooney, in his official capacity, by counsel, and, for their Answer to the Second Amended Complaint and Objection to Request for Class Action Certification, without waiving their previously filed F.R.C.P. 12 (b) (6) Motion to Dismiss Counts I & II, say as follows:

1. The allegations contained in Paragraph 1 of the Second Amended Complaint are denied, except that it is admitted that for over seven (7) years, female victims in the Charlottesville, Albemarle and Waynesboro area have experienced seven (7) sexual assaults that have been genetically linked to a single individual. The single responsible individual's genetic identity and race are known but he has not yet been identified by name. Plaintiff filed a Stipulation in open Court on July 13, 2006 that each serial rape victim interviewed by the Charlottesville Police Department described her assailant as a black male.

2. The allegations contained in Paragraph 2 of the Second Amended Complaint are denied.

3. The allegations contained in Paragraph 3 of the Second Amended Complaint attempt only to allege conclusions of law, which require no response from your defendants. To the extent a response is required, the allegations are denied. Plaintiff admitted in his original Complaint that race may be a factor in such decisions.

4. The allegations contained in Paragraph 4 of the Second Amended Complaint are denied.

5. The allegations contained in Paragraph 5 of the Second Amended Complaint attempt only to allege conclusions of law, which require no response from your defendants.

6. The allegations contained in Paragraph 6 of the Second Amended Complaint are admitted.

7. The allegations contained in Paragraph 7 of the Second Amended Complaint are admitted, except your defendants are without information as to Plaintiff's actual residence.

8. The allegations contained in Paragraph 8 of the Second Amended Complaint are admitted.

9. The allegations contained in the first and second sentences of Paragraph 9 of the Second Amended Complaint are admitted. With respect to the allegations contained in third sentence of Paragraph 9 of the Second Amended Complaint, it is admitted only that Timothy J. Longo, Sr., as Chief of Police, makes decisions for the City of Charlottesville relative to the operation of the Police Department and issues policy guidelines. It is denied that he or anyone, on behalf of the City of Charlottesville, issued or adopted the alleged policy as described by Plaintiff in the Second Amended Complaint.

10. Defendant Mooney admits that he is over the age of eighteen (18) and, at all relevant times, was a police officer for the City of Charlottesville. The remaining allegations contained in Paragraph 10 of the Second Amended Complaint are denied. Defendant Mooney denies that he had any responsibility for adoption or promulgation of the alleged policy as described in the Second Amended Complaint, or any policy.

11. The allegations contained in Paragraph 11 of the Second Amended Complaint are denied.

12. The allegations contained in Paragraph 12 of the Second Amended Complaint are denied.

13. The allegations contained in the first sentence of Paragraph 13 of the Second Amended Complaint are denied. With respect to the second sentence of Paragraph 13, your Defendants admit only the information provided in their Answers to Interrogatories with respect to the original Complaint, which were limited to a different time period.

14. The allegations contained in Paragraph 14 of the Second Amended Complaint are denied.

15. The allegations contained in Paragraph 15 of the Second Amended Complaint are denied.

16. The allegations contained in Paragraph 16 of the Second Amended Complaint are denied.

17. The allegations contained in Paragraph 17 of the Second Amended Complaint are denied.

18. The allegations contained in Paragraph 18 of the Second Amended Complaint are denied.

19. The allegations contained in Paragraph 19 of the Second Amended Complaint are denied.

20. The allegations contained in Paragraph 20 of the Second Amended Complaint are denied.

21. The allegations contained in Paragraph 21 of the Second Amended Complaint are admitted.

22. The allegations contained in Paragraph 22 of the Second Amended Complaint are denied.

23. The allegations contained in Paragraph 23 of the Second Amended Complaint are denied. While the policy alleged in the Second Amended Complaint did not exist, it is admitted that some individuals were asked on more than one occasion if they would consent to giving a buccal swab sample.

24. Defendants admit only that one or more black males were visited at their homes or worksite. The remaining allegations contained in Paragraph 24 of the Second Amended Complaint are denied.

25. The allegations contained in Paragraph 25 of the Second Amended Complaint are denied. Plaintiff volunteered to give a DNA sample to Detective Mooney and has previously admitted under oath that he "probably" consented to providing the DNA sample.

26. The allegations contained in Paragraph 26 of the Second Amended Complaint are denied.

27. The allegation that Defendant Mooney was in uniform contained in Paragraph 27 of the Second Amended Complaint is denied. Plaintiff volunteered to provide the sample.

28. The allegations contained in Paragraph 28 of the Second Amended Complaint are denied.

29. The allegations contained in Paragraph 29 of the Second Amended Complaint are denied.

30. The allegations contained in Paragraph 30 of the Second Amended Complaint are denied.

31. The allegations contained in Paragraph 31 of the Second Amended Complaint are denied.

32. The allegations contained in Paragraph 32 of the Second Amended Complaint are denied.

33. The allegations contained in Paragraph 33 of the Second Amended Complaint are denied.

34. The allegations contained in Paragraph 34 of the Second Amended Complaint are admitted except to the extent that they refer to Paragraph 33 of the Second Amended Complaint, which is denied.

35. Defendants admit only that Larry Monroe volunteered and consented to have a sample of his DNA taken and that at the time he filed his original Complaint and his Second Amended Complaint, he and his counsel were aware that his DNA sample had been destroyed. The remaining allegations contained in Paragraph 35 of the Second Amended Complaint are denied except as to some samples taken post April, 2004 as part of the continuing investigation to identify the name of the genetically identified serial rapist.

36. The allegations contained in Paragraph 36 of the Second Amended Complaint are admitted.

37. With respect to the allegations contained in Paragraph 37 of the Second Amended Complaint, it is admitted only that Defendants never adopted such a policy. The remaining allegations are denied.

38. The allegations contained in Paragraph 38 of the Second Amended Complaint are denied.

## Count I – 14th Amendment Equal Protection Violation – 42 U.S.C. §1983

39. Answers to the allegations contained in Paragraphs 1 – 38 by Defendants are incorporated herein.
40. The allegations contained in Paragraph 40 of the Second Amended Complaint are denied.
41. The allegations contained in Paragraph 41 of the Second Amended Complaint are denied.
42. The allegations contained in Paragraph 42 of the Second Amended Complaint are denied.
43. The allegations contained in Paragraph 43 of the Second Amended Complaint are denied.

## Count II – 4th Amendment Unreasonable Seizure

44. Answers to the allegations contained in Paragraphs 1 – 43 by Defendants are incorporated herein.
45. The allegations contained in Paragraph 45 of the Second Amended Complaint are denied.
46. The allegations contained in Paragraph 46 of the Second Amended Complaint are denied.

## Count III - 4th Amendment Unreasonable Seizure

47. Answers to the allegations contained in Paragraphs 1 – 46 by Defendants are incorporated herein.
48. The allegations contained in Paragraph 48 of the Second Amended Complaint are denied.
49. The allegations contained in Paragraph 49 of the Second Amended Complaint are denied.

## Affirmative Defenses

50. Plaintiff's claims are barred by estoppel and issue preclusion.
51. Plaintiff volunteered and consented to give the DNA sample.
52. As a convicted felon due to his conviction in the Circuit Court for the City of Charlottesville (No. 99-418-1) of distribution of cocaine on January 14, 2000, Larry Rudolph Monroe was required, pursuant to §19.2-310.2, Va. Code Ann. (1950), as amended, to provide a sample of his DNA. Section 19.2-310.2, Va. Code Ann. (1950), as amended, requiring Larry Monroe to submit a buccal swab saliva sample in order to obtain his DNA, does not violate the Fourth Amendment. *James v. Murray*, 763 F. Supp. 842 (W.D. Va. 1991); *James v.*

*Murray*, 962 F. 2d 302 (4th Cir. 1992); *Loparo v. Unnamed Defendants*, 2006 U.S. Dist. Lexis 84161 (W.D. Va. 11/20/06)

53. Plaintiff Monroe volunteered and consented to give a DNA sample and admitted under oath on January 31, 2005 in Charlottesville City General District Court that he "probably" consented to giving the sample. Further, the Honorable Robert H. Downer, Jr., General District Court for the City of Charlottesville, in dismissing Plaintiff Monroe's damage claim on January 31, 2005, found that Plaintiff consented to giving the DNA sample. Finally, Plaintiff admitted under oath on June 29, 2006 at his deposition that Detective Mooney did not coerce him into consenting to give a sample.

54. Plaintiff's claims are barred by *res judicata*.

55. Plaintiff is not entitled to federal injunctive relief since the equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will allegedly be wronged again. Since the results of Plaintiff's DNA sample testing excluded him there simply is no likelihood of substantial and immediate irreparable injury. In any event, Plaintiff, as a convicted felon, is required to provide a DNA sample pursuant to §19.2-310.2, Va. Code Ann. (1950), as amended.

56. Plaintiff's claims for injunctive relief are moot.

57. The Court should abstain from hearing this case, as a matter of comity, or to stay further action in this case. The allegations of the Second Amended Complaint arise out of an active ongoing criminal investigation being conducted by the Charlottesville Police Department.

WHEREFORE, Defendants, City of Charlottesville, Virginia, Timothy J. Longo, Sr., in his official capacity, and James Mooney, in his official capacity, by counsel, respectfully request that the Court:

1. Deny certification for this case to proceed as a class action;
2. Deny Plaintiff's claims for declaratory injunctive relief, as a matter of law;
3. Abstain from or stay further proceedings in this case pending completion of the serial rape investigation;
4. Dismiss Plaintiff's claim that the actual actions authorized or taken by any of the defendants in this case violated Plaintiff's Fourteenth or Fourth Amendment rights;

5

5. Deny Plaintiff's request for injunctive relief regarding DNA samples, which samples have already been destroyed;

6. Deny Plaintiff any damages;

7. Award Defendants their costs incurred herein, including reasonable attorney's fees as the prevailing party, and such other relief as the Court deems proper.

CITY OF CHARLOTTESVILLE, VIRGINIA,
TIMOTHY J. LONGO, SR., in his official capacity,
and JAMES MOONEY, in his official capacity
By Counsel

*[signature]*

Richard H. Milnor, Esquire, VSB #14177
John W. Zunka, Esquire, VSB #14368
Alvaro A. Inigo, Esquire, VSB #38663
Zunka, Milnor, Carter & Inigo, Ltd.
414 Park Street, P O Box 1567
Charlottesville VA  22902
Phone:  (434) 977-0191
Fax:     (434) 977-0198
rmilnor@cstone.net
jzunka@cstone.net
ainigo@cstone.net

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of March, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Neal L. Walters, Esquire
Scott Kroner, PLC
418 East Water Street
P O Box 2737
Charlottesville VA 22902
nwalters@scottkroner.com

Deborah C. Wyatt, Esquire
Wyatt & Associates
300 Court Square
Charlottesville VA 22902
Dwesq@aol.com