CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG. VA
FILED

MAY 11 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

LARRY MONROE,

*Plaintiff,*

v.

CITY OF CHARLOTTESVILLE, VIRGINIA, AND

TIMOTHY J. LONGO, SR. (IN HIS OFFICIAL
CAPACITY), AND

JAMES MOONEY (IN HIS OFFICIAL CAPACITY),

*Defendants*

CIVIL NO. 3:05cv00074

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

This matter is before the Court on several motions: Defendants' Motion for Summary Judgment as to Count I of the Second Amended Complaint, filed on March 8, 2007 (docket entry no. 65); Defendants' Motion for Summary Judgment as to Count II and Count III, filed on March 8, 2007 (docket entry no. 67); and Plaintiff's Motion Pursuant to Fed. R. Civ. P. 56(f) To Continue the Defendants' Motions for Summary Judgment Concerning the Plaintiff's Second Amended Complaint Until Adequate Discovery Has Been Conducted, filed on March 13, 2007 (docket entry no. 69). For the following reasons, Defendants' two motions will be DENIED and Plaintiff's motion will be GRANTED, all in an order to follow.

## I. BACKGROUND

This case arises out of Defendants' investigation of an alleged serial rapist who has attacked women in the Charlottesville area. According to Plaintiff, a single individual has committed several sexual assaults in central Virginia over the past several years. Although the Defendants do not know the physical identification of the assailant, they allegedly do have

- 1 -

samples of the assailant's DNA; additionally, the victims of the assaults have consistently described the assailant as a youthful-looking black male.

In response to reports of these assaults, Plaintiff alleges that Defendants adopted a policy by which they would approach (1) black (2) males (3) who were youthful-looking and (4) from whom Defendants had not previously obtained a DNA sample. Defendants allegedly then requested DNA samples from these individuals, one of whom was Plaintiff. Apart from sharing these characteristics (black, male, youthful-looking, no DNA on file), the individuals who were approached had little else in common—some were light-skinned, others had dark skin; some were short, others were tall; some were light and thin, others were broad and heavy.

Plaintiff alleges that none of the victims identified the assailant as a "noticeably broad or heavy" black male. Despite this allegation, Plaintiff—who is admittedly "noticeably broad and heavy"—alleges that Defendant James Mooney ("Mooney"), a police officer employed by the Charlottesville Police Department, visited Plaintiff at Plaintiff's home and coerced Plaintiff into giving Mooney a DNA sample, as were other black males. According to Plaintiff, these individuals could not decline giving consent to the DNA request without incurring negative consequences.

Plaintiff alleges that there have been reports of sexual assaults committed in the Charlottesville area by youthful-looking white males, but in these circumstances, Defendants have not instituted a policy whereby they approach youthful-looking white males and request a DNA sample.

### B. Procedural Background

Plaintiff therefore sued Defendants, alleging violations of the Equal Protection Clause of the Fourteenth Amendment and violations of the Search and Seizure Clause of the Fourth

- 2 -

Amendment. One of Plaintiff's Equal Protection claims regarding Defendants' alleged-race based policy remains viable (Count I), as does one of his Fourth Amendment Search and Seizure claims (Count III).

Defendants filed motions for summary judgment with respect to Counts I, II, and III[1] and Plaintiff filed a motion to continue the motions for summary judgment.

## II. DISCUSSION

In support of their motion for summary judgment as to Count I, Defendants have provided affidavits from Timothy J. Longo, Sr. ("Longo"), the chief of police for the City of Charlottesville, and from John Ellis "Chip" Harding ("Harding"), a captain for the city police department. In those affidavits, Longo and Harding state that the Charlottesville Police Department ("CPD") has never used race or ethnicity of potential suspects in determining the techniques, methods, or manner in which crimes would be investigated, including the serial rape investigation at issue here. The CPD, through Longo, has issued orders stating the CPD's policies in the conduct of criminal investigation. Unremarkably, these orders state that it is CPD policy to prohibit the disparate treatment of any person on the basis of his race. Harding's affidavit states that these CPD policies are carried out in practice and that the use of a particular investigative tool or technique is not based on the race of the suspect.

In support of their motion for summary judgment as to Count III, Defendants point to both Plaintiff's testimony and to Mooney's testimony and deposition during the earlier, related state-court case as evidence that Plaintiff consented to providing a DNA sample. They also state that because Defendant is a convicted felon, he has no Fourth Amendment protection regarding the giving of a DNA sample.

---

[1] I dismissed Count II after the parties filed the motions under consideration here.

- 3 -

Plaintiff's argument is simply that based on the procedural posture of the case, there has

not yet been adequate time for discovery; Plaintiff's attorney set forth that reason in an affidavit

filed with his motion, as is required by Rule 56. Defendants argue that with respect to Count I,

Plaintiff should be required to provide the court with Plaintiff's good-faith basis for his allegation

that the Defendants employed a race-based investigative policy. With respect to Count III,

Defendants argue that Plaintiff must include in his affidavit at least some evidence supporting his

claim that the seizure was unconstitutional in order to oppose a properly supported summary

judgment motion.

The only issue, then, appears to be what is required in this situation under Rule 56(e) and

Rule 56(f) of the Federal Rules of Civil Procedure.

Rule 56(e) of the Federal Rules of Civil Procedure states, in part, that

> When a motion for summary judgment is made and supported ... an adverse party
> may not rest upon the mere allegations or denials of the adverse party's pleading,
> but the adverse party's response, by affidavits or as otherwise provided in this
> rule, must set forth specific facts showing that there is a genuine issue for trial. If
> the adverse party does not so respond, summary judgment, if appropriate, shall be
> entered against the adverse party.

Fed. R. Civ. P. 56(e).

Rule 56(f) of the Federal Rules of Civil Procedure states:

> Should it appear from the affidavits of a party opposing the motion that the party
> cannot for reasons stated present by affidavit facts essential to justify the party's
> opposition, the court may refuse the application for judgment or may order a
> continuance to permit affidavits to be obtained or depositions to be taken or
> discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).

Here, Plaintiff has stated in no uncertain terms that it cannot present facts essential to

justify its opposition to Defendants' motion because it "has not had occasion to develop the

claims set forth in his Second Amended Complaint through general discovery." (Walters Aff. 2)

- 4 -

The general rule is that summary judgment is not appropriate until after there has been adequate time for discovery. *E.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery ...."). Discovery in this case has been limited to that required for class certification.

Although Defendants argue that Plaintiff must put forth some evidence as to why it cannot oppose their motions, I am not inclined to read such a requirement into Rule 56(f). Although Rule 56(c) and Rule 56(e) require a non-moving party to make a sufficient showing that either there is a genuine issue of material fact or that the moving party is not entitled to judgment as a matter of law, Rule 56(f) tempers that requirement by allowing the non-moving party to allege that there has not yet been an adequate time for discovery. *See Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995) ("[T]he requirement that the non-moving party respond specifically to a summary judgment motion is qualified by Rule 56(f)'s requirement that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." (quotation marks omitted)).

Although Defendants point to *Goodell v. Rehrig Int'l, Inc.*, 683 F. Supp. 1051, 1054 (E.D. Va. 1988) for the proposition that Rule 56(f) requires the affidavit set forth with particularity the specific and legitimate needs of the non-moving party, that case is distinguishable. There, the parties had already engaged in what appears to be significant discovery, including depositions and at least two sets of interrogatories. *See Goodell*, 683 F. Supp. at 1053, 1054 ("Under Rule 56(f), the nonmoving party must make clear what information is sought and how it would preclude summary judgment. *Sachs Corp. of U.S.A. v. United Virginia Bank*, 97 F.R.D. 504 (E.D. Va. 1983). Goodell's brief in opposition to the motion for summary judgment has been searched in vain for indications of how *further* discovery might help

- 5 -

him avert summary judgment." (emphasis added) (citation omitted)).[2]

Here, however, the parties have engaged in little, if any discovery, going to the merits of their cases; instead, what little discovery has taken place has been in the context of class certification.

The Fourth Circuit is rife with cases holding that granting a Rule 56(f) motion may be appropriate in cases in which discovery is in its infancy. *See, e.g., Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) ("If a party believes that more discovery is necessary for it to demonstrate a genuine issue of material fact, the proper course is to file a Rule 56(f) affidavit stating that it could not properly oppose a motion for summary judgment without a chance to conduct discovery." (quotation marks omitted)); *Pine Ridge Coal Co. v. Local 8377, United Mine Workers of Am.*, 187 F.3d 415, 421 (4th Cir. 1999) (stating that although Rule 56(e) requires a party to submit an affidavit containing specific facts that would be admissible in evidence, Rule 56(f) is the "only exemption against this mandate" and that it "allows a party to seek additional time to obtain evidence").

## III. CONCLUSION

For the foregoing reasons, Defendants' motions for summary judgment (docket entry nos. 65, 67) will be DENIED WITHOUT PREJUDICE TO REFILE, *see, e.g., Seago v. N.C. Theaters, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966) (considering the defendants' renewed motions for summary judgment after the court initially continued the motions because the plaintiff had not had adequate time in which to complete discovery), and Plaintiff's motion to continue (docket entry no. 69) will be GRANTED, both in an order to follow.

---

[2] *Sachs Corp.*, the case cited by *Goodell*, also involved a Rule 56(f) motion made after discovery had been undertaken: "Such *further* discovery, although permitted in appropriate cases under Rule 56(f), is unwarranted in this case ...." (emphasis added)). *Sachs Corp. of U.S.A. v. United Va. Bank*, 97 F.R.D. 504, 504 (E.D. Va. 1983).

Case 3:05-cv-00074-NKM-JGW    Document 80    Filed 05/11/07    Page 6 of 7    Pageid#: 612

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum

Opinion to all counsel of record.

ENTERED: _____
United States District Judge

5/11/07
Date

Case 3:05-cv-00074-NKM-JGW   Document 80   Filed 05/11/07   Page 7 of 7   Pageid#: 613