IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

LARRY MONROE, on behalf of himself and
all others similarly situated,

          *Plaintiff,*

v.                                          Civil Action No.: 3:05CV00074

CITY OF CHARLOTTESVILLE, VIRGINIA,
TIMOTHY J. LONGO, SR., in his official
capacity, and JAMES MOONEY, in his official
capacity

          *Defendants.*

## **OBJECTION TO FILING OF AFFIDAVIT OF LARRY MONROE**

COME NOW Defendants, by counsel, and for their Objection to Filing of Affidavit of Larry Monroe state as follows:

### **The Class Certification Briefing and Hearing**

1. On July 20, 2007 the Court conducted the hearing on Mr. Monroe's request for class certification. The July 20, 2007 hearing was, in fact, the second hearing on Mr. Monroe's request for class certification, the first hearing having occurred on July 13, 2006 and resulting in the Court's denial of Mr. Monroe's request for class certification[1].

2. By Order dated June 21, 2007, this Court ordered Mr. Monroe to file a supplemental, updated memorandum in support of class certification by Friday, June 20, 2007, and further ordered Defendants to file a response memorandum by Friday, July 6, 2007. Additionally, the Court's Order allowed Mr. Monroe to file a reply memorandum, if he so chose, by Friday, July 13, 2007.

3. Mr. Monroe filed his Supplemental, Updated Memorandum as ordered by the Court, and Defendants filed their Response Memorandum also in a timely fashion. Defendants'

Memorandum challenged Larry Monroe's adequacy as a class representative and was supported by an affidavit from Detective Sclafani.

4. Detective Sclafani's Affidavit set forth, in detail, a conversation (initiated by Mr. Monroe) that occurred between Mr. Monroe and Detective Sclafani and the substance of which directly impacted Mr. Monroe's adequacy as a class representative and his motivations for filing this action. In the face of Detective Sclafani's Affidavit and Defendant's Memorandum, Mr. Monroe chose not to file a reply memorandum despite having been given the opportunity to do so by the Court. Similarly, despite the Defendants' direct challenge to Mr. Monroe's adequacy as a class representative, Mr. Monroe, his counsel, or both inexplicably chose not to have Mr. Monroe testify, **or even appear**, at the class certification hearing on July 20, 2007.

5. During the hearing, the Court noted that Mr. Monroe was the only person that could directly rebut Detective Sclafani's affidavit regarding the occurrence of the conversation. Only thereafter did Plaintiff's counsel attempt to provide any explanation for Mr. Monroe's notable absence at the hearing. Even then, Plaintiff's counsel provided conflicting explanations. Initially, Mr. Monroe's counsel alluded to the fact that Mr. Monroe could possibly be employed, and could not be absent from his employment to appear at the hearing. Later on, Plaintiff's counsel represented to the Court that they had made a strategic decision to have Mr. Monroe absent from the hearing and urged the Court simply to rely on Mr. Monroe's deposition testimony for purposes of the class certification ruling.

6. Detective Sclafani was present in Court for the class certification hearing and was prepared to testify, as necessary, to refute any testimony from Mr. Monroe. However, given Mr. Monroe's absence, Detective Sclafani's affidavit testimony was un-rebutted and therefore Detective Sclafani did not testify.

---

[1] Thereafter, Mr. Monroe filed an Amended Complaint, and a Second Amended Complaint.

7. The Plaintiff rested after presenting Ms. Wyatt's testimony, and the evidence was closed. The Court took the matter under advisement.

### **Larry Monroe Affidavit**

8. On July 23, 2007, Larry Monroe filed an affidavit in support of his request for class certification.

9. Mr. Monroe's Affidavit contains no mention, explanation, or justification for his failure to appear at the class certification hearing.

10. Moreover, while Mr. Monroe's Affidavit presumably is intended to rebut Detective Sclafani's Affidavit, the careful and precise wording therein evinces Mr. Monroe's inability to directly refute the substance of Detective Sclafani's Affidavit.

11. Finally, Mr. Monroe's Affidavit comes too late. Mr. Monroe had the opportunity to file a reply memorandum (with a supporting affidavit) to address Defendants' challenge to his adequacy as class representative and Detective Sclafani's Affidavit, but chose not to. Mr. Monroe also had the opportunity to appear at the hearing and present testimony to the Court in support of his request for class certification and to present testimony to refute Detective Sclafani's Affidavit, and again chose not to do so.

12. Likewise, Plaintiff's counsel had ample opportunity to present evidence in support of Mr. Monroe's request for class certification both prior to the hearing and at the hearing, and as represented to the Court at the July 20, 2007 hearing made a "strategic" decision not to have Mr. Monroe appear at the hearing.

13. Whether Mr. Monroe chose not to appear for the hearing, or Plaintiff's counsel made a strategic decision not to have Mr. Monroe testify at the hearing (in addition to not filing a Reply Memorandum), the Court should not allow them to avoid the consequences of their

decision by filing a post-hearing affidavit after the evidence has closed, and in a manner that would severely prejudice the Defendants[2].

WHEREFORE, your Defendants respectfully request that Mr. Monroe's Affidavit of July 23, 2007 not be considered by the Court and that it be stricken from the record.

CITY OF CHARLOTTESVILLE, VIRGINIA,
TIMOTHY J. LONGO, SR., in his official capacity,
JAMES MOONEY, in his official capacity
By Counsel

_____
Richard H. Milnor, Esquire, VSB #14177
Alvaro A. Inigo, Esquire, VSB #38663
Zunka, Milnor, Carter & Inigo, Ltd.
414 Park Street
P O Box 1567
Charlottesville VA  22902
Phone:  (434) 977-0191
Fax:    (434) 977-0198
rmilnor@cstone.net
ainigo@cstone.net

---

[2] Were Mr. Monroe's affidavit to be considered by the Court, not only will he have avoided testifying (and being cross-examined) before the Court regarding his adequacy as a class representative, he also will have deprived Defendants the ability to present Detective Sclafani as a witness to testify to the Court regarding the substance of the affidavit.

4

## **CERTIFICATE OF FILING**

I hereby certify that on the 24th day of July, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Neal L. Walters, Esquire
>Scott Kroner, PLC
>418 East Water Street
>P O Box 2737
>Charlottesville VA 22902
>nwalters@scottkroner.com
>
>Deborah C. Wyatt, Esquire
>Wyatt & Associates
>300 Court Square
>Charlottesville VA 22902
>Dwesq@aol.com
>
>Corban A. Klug, Esq.
>Scott Kroner, PLC
>418 East Water Street
>P.O. Box 2737
>Charlottesville, VA 22903
>cklug@scottkroner.com

_____