IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

LARRY MONROE, on behalf of himself and all others similarly situated,

*Plaintiff,*

v. Civil Action No.: 3:05CV00074

CITY OF CHARLOTTESVILLE, VIRGINIA, TIMOTHY J. LONGO, SR., in his official capacity, and JAMES MOONEY, in his official capacity

*Defendants.*

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS' OBJECTION TO FILING OF POST TRIAL AFFIDAVIT OF LARRY MONROE**

Come now your defendants, City of Charlottesville, Virginia (the "City"), Timothy J. Longo, Sr. ("Longo"), in his official capacity, and James Mooney ("Mooney"), in his official capacity, by counsel, and for their reply to Plaintiff's Memorandum in Response to Defendants' Objection to Larry Monroe's post trial affidavit state as follows:

Plaintiff attempts to reargue his case and essentially requests a "do over". The Court's Order entered June 21, 2007 specifically ordered Plaintiff to file a reply memorandum, if he chose to do so, by Friday, July 13, 2007. Plaintiff elected not to file a reply memorandum supported by any affidavit of Larry Monroe, if he was able to do so, to rebut the Sclafani affidavit filed by Defendants with their Memorandum which clearly placed Larry Monroe's adequacy to serve as class representative in the "crosshairs". (Tr. p. 37, l. 17, 7/20/07, class certification hearing.) Then, one week later, Larry Monroe inexplicably chose not only not to testify at the two (2) hour hearing scheduled for July 20, 2007 on class certification requested by his counsel but also failed to appear.

Defendants do not accept the "bait" dangled by Plaintiff in his Memorandum that a new hearing may be in order. Plaintiff had the court ordered opportunity to submit an affidavit in reply, pre-trial, and elected not to do so. The post trial affidavit Larry Monroe has attempted to file for the Court's consideration on class certification comes after Plaintiff rested without producing any

evidence other than the testimony of one of his attorneys. Plaintiff's counsels' admission to the Court at the conclusion of Monroe's evidence is telling. The Court specifically asked Plaintiff's counsel "Anything else? Any other evidence to come in?" The response was, "No further evidence, Your Honor". (Tr. p.34, l. 5-6.)

Plaintiff fails to mention in his Memorandum that following the class certification hearing on June 29, 2006, at which Plaintiff attempted to substitute a new class and a claim for injunctive relief, the Court issued an Opinion noting Plaintiff's "offhand means" and denying Plaintiff's Motion for Class Certification on August 14, 2006. While the Court ultimately vacated that Order and reconsidered its ruling at Plaintiff's counsels' request, it did not grant class certification and merely granted Plaintiff leave to file an Amended Complaint. Plaintiff has since filed two (2) Amended Complaint(s). Following Defendants' Motion for Summary Judgment on the remaining Counts, Plaintiff finally requested a hearing on class certification requested in the Second Amended Complaint. While, obviously, the evidence submitted at the 2006 class certification hearing was admissible at the July 20, 2007 class certification hearing, the Court did not restrict the parties from submitting any other additional appropriate evidence on the elements required for class certification, nor did the parties agree to any restriction. As the Court noted in its June 21, 2007 Order, not only has the procedural posture of the case changed, but the "substantive portions of the case" have changed considerably since the original Complaint. The Court did not relieve Plaintiff from its burden of proof and production of evidence on the class certification issue. Plaintiff had the burden of proof to show that all the requirements of Rule 23 were satisfied. *Lenhart v. Dryout Sys*. 255 F.3d 138, 146 (4th Cir. 2001); *Gariety v. Grant Thornton, LLP*, 368 F.3d 256, 362 (4th Cir. 2004); *Thorn v. Jefferson-Pilot Life Insurance Company*, 445 F.3d 311, 314 (4th Cir. 2006). The Court also said nothing in its Order to indicate that it would not conduct the "rigorous analysis" examination of all the elements required to ensure compliance with Rule 23 before exercising its discretion. *Gen. Tel. Co. of SW v. Falcon*, 457 U.S. 147, 161 (1982); *Thorn* at 318. The Court's Order did not restrict nor did any party agreement prevent the parties from submitting timely evidence pretrial or at the trial. Plaintiff submitted no reply memorandum, although ordered to do so if it chose to do so. Plaintiff did not object to Detective Sclafani's affidavit following its filing in a reply memorandum or at the class certification hearing. Plaintiff's counsel did not object to Detective Sclafani's affidavit until after the hearing, no doubt motivated to do so by the realization, after the hearing was over, that Detective Sclafani's affidavit stood unrebutted and demonstrated Larry Monroe's inadequacy as a class representative. Plaintiff's counsel ask the Court to believe they made a tactical pre-hearing choice to try to slide by without submitting either an affidavit by Larry Monroe

or having him appear and testify, even though the issue of his adequacy as class representative was clearly placed before the Court prior to the scheduled two (2) hour hearing.

The majority of Defendants' Court ordered Memorandum attacked the adequacy of Mr. Monroe to serve as class representative under Rule 23 (a) 4. However, Plaintiff still had the burden of proof with respect to the remaining prongs of Rule 23 (a) and Rule 23 (b). Defendants explained at the hearing why Plaintiff had failed to satisfy its burden or proof on Rule 23 (b) 2 or 3. Despite the assorted explanations advanced by Plaintiff's counsel and one of Plaintiff's counsel's testimony at the hearing, the Court, in addition to the issues raised in Detective Sclafani's affidavit, still is required to make specific finding on the adequacy of Plaintiff's counsel which is part of the adequacy prong. Among the Rule 23 requirements Plaintiff seems to have lost sight of is the fact reiterated by the Fourth Circuit in *Thorn,* that it is not the defendant who bears the burden of showing that the proposed class does not comply with Rule 23, but it is the plaintiff who bears the burden of proving that the class does comply with Rule 23. *Thorn* at 321. Plaintiff's statement that the defendants never raised the issues referred to in Detective Sclafani's affidavit previously, most notably failing to raise them with Mr. Monroe at his deposition, is incorrect. In fact, the issues raised by Detective Sclafani's affidavit were addressed to Larry Monroe at his deposition, as stated in detail in Defendants' Court ordered Memorandum. The questions, responses, and objections demonstrate not only Mr. Monroe's inadequacy as a class representative but corroborate the statements in Detective Sclafani's affidavit. In fact, Plaintiff's counsel instructed Larry Monroe at the deposition, through a spurious claim of attorney/client privilege, not to answer some of the very questions on the issues raised by the content of Detective Sclafani's affidavit. Plaintiff's counsels' objections followed by Mr. Monroe's failure to "recall" are telling.

Plaintiff's counsels' claim of misunderstanding the purpose of the two (2) hour scheduled hearing is belied by the length of time the hearing was scheduled for and the fact that one of Plaintiff's counsel chose to testify at the hearing. In view of the fact that Larry Monroe's own adequacy as a class representative and as indicated by the Court's Texas case citation at the hearing, his counsels' adequacy to serve as class counsel were raised by Detective Sclafani's affidavit, the failure to have Mr. Monroe even attend the hearing is inexplicable, unless perhaps because he was expected to appear and failed to appear because he did not want to testify. If, indeed, the choice was a tactical choice by Plaintiff's counsel, this also is inexplicable and calls class counsels' adequacy into question. *Toms v. Allied Bond & Collection Agency*, 179 F.3d 103 (4th Cir. 1999). In short, as U. S. District Judge Patel, from the Northern District of California, recently noted in an opinion

denying class certification, "the conduct in this action does not look good". *Bodner v. Oreck Direct, LLC,* 2007 U.S. Dist. LEXIS 30408 (N.D. Cal. 4/25/07).

Larry Monroe's carefully crafted affidavit does not, in fact, rebut the fact stated in Detective Sclafani's affidavit that Mr. Monroe initiated the encounter and asked him if "someone can file a lawsuit in your name without your knowing about it". Moreover, Mr. Monroe's belated affidavit fails to offer any explanation under oath why he failed to even appear at the hearing. He does not state that his failure to appear was possibly caused by being at work, as initially indicated by his counsel ("he is working, is my understanding") (Tr. p 8, l. 9-10), does not state that it was a strategic decision on the advice of his counsel (Tr. p. 15), and he does not claim that it was because of the third, and newest, reason advanced via Plaintiff's counsels' Memorandum that he "generally" does not have access to transportation. (Even if Larry Monroe "generally" does not have access to transportation, one would think he might find some with an appearance as important as a two (2) hour hearing on class certification where his adequacy has been called into question. His own counsel, whose offices are also located in Charlottesville, might be able to give their client a ride to Lynchburg.) While Plaintiff quibbles with Defendants' argument that Plaintiff's assorted explanations for Larry Monroe's failure to appear are inconsistent and should rather be viewed as cumulative, the fact remains that Larry Monroe failed to ever appear at the hearing when his adequacy to serve as class representative was clearly at issue.

WHEREFORE, City of Charlottesville, Virginia, Timothy J. Longo, Sr., in his official capacity, and James Mooney, in his official capacity, by counsel, request the Court deny Plaintiff class certification as to the remaining prong of Count I in the Second Amended Complaint.

CITY OF CHARLOTTESVILLE, VIRGINIA,
TIMOTHY J. LONGO, SR., in his official capacity,
JAMES MOONEY, in his official capacity
By Counsel

Richard H. Milnor, Esquire, VSB #14177
John W. Zunka, Esquire, VSB #14368
Alvaro A. Inigo, Esquire, VSB #38663
Zunka, Milnor, Carter & Inigo, Ltd.
414 Park Street
P O Box 1567
Charlottesville VA 22902
Phone: (434) 977-0191
Fax: (434) 977-0198
rmilnor@cstone.net
jzunka@cstone.net
ainigo@cstone.net

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of July, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Neal L. Walters, Esquire
Scott Kroner, PLC
418 East Water Street
P O Box 2737
Charlottesville VA 22902
nwalters@scottkroner.com

Deborah C. Wyatt, Esquire
Wyatt & Associates
300 Court Square
Charlottesville VA 22902
Dwesq@aol.com


Analysis
As of: Jul 27, 2007

**PAUL BODNER, suing individually and on behalf of others similarly situated, Plaintiff, v. ORECK DIRECT, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive, Defendants.**

**No. C 06-4756 MHP**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

***2007 U.S. Dist. LEXIS 30408***

**April 25, 2007, Decided**
**April 25, 2007, Filed**

**PRIOR HISTORY:** *Bodner v. Oreck Direct, LLC, 2006 U.S. Dist. LEXIS 77193 (N.D. Cal., Oct. 10, 2006)*

**COUNSEL:** [*1] For Paul Bodner, suing individually and on behalf of all others similarly situated, Plaintiff: Mark L. Van Buskirk, R. Duane Westrup, LEAD ATTORNEYS, Westrup Klick, LLP, Long Beach, CA, US.

For Oreck Direct, LLC, a Delaware limited liability company, Defendant: David Lawrence Aronoff, Gayle Irene Jenkins, LEAD ATTORNEYS, Thelen Reid & Priest LLP, Los Angeles, CA.; Frederick W. Bradley, LEAD ATTORNEY, King, Leblanc & Bland, P.L.L.C., New Orleans, LA.; Patrick M. Ryan, LEAD ATTORNEY, Thelen Reid & Priest LLP, San Francisco, CA.

**JUDGES:** MARILYN HALL PATEL, United States District Court Judge.

**OPINION BY:** MARILYN HALL PATEL

**OPINION**

**MEMORANDUM & ORDER**

**Re: Motion for Class Certification**

Paul Bodner ("plaintiff") has brought a putative class action alleging breach of express warranty, unlawful deceit, unlawful concealment, false advertising, and unfair business practice by defendant Oreck Direct, LLC ("defendant") in its marketing and sales of allegedly dysfunctional "air purifiers." Plaintiff seeks certification of a statewide class consisting of over 77,000 Californians who have purchased such products since July 12, 2002. Now before the court is plaintiff's motion for class certification [*2] pursuant to *Federal Rule of Civil Procedure 23*, which defendants oppose. Plaintiff also moves for appointment of lead plaintiff and lead counsel. After considering the parties' arguments and submissions, and for the reasons set forth below, the court rules as follows.

BACKGROUND

Plaintiff claims to suffer from annual allergies during February and March. In or around the spring of 2005, plaintiff saw one of defendant's infomercials advertising an air purifier. The infomercial allegedly indicated that the product would remove allergens, bacteria, dirt and dust from the air. Purportedly relying on these representations, and the advertisement of the product as an "air purifier," plaintiff purchased such a product soon thereafter.

During plaintiff's ensuing allergy season, he claims that the air purifier had no positive impact on his allergies. However, plaintiff admits that the window to his apartment is frequently open. Bradley Dep. Exh. A, Bodner Dep. at 36-37. Plaintiff also acknowledges that he is exposed to allergens in other locations throughout the day. Id. at 53. Plaintiff does not know what he is allergic to and has never [*3] been diagnosed or treated for his allergies. Id. at 90-91. Plaintiff's unit has never

been tested to determine whether it works as it is supposed to. Id. at 108.

Regarding plaintiff's role in this litigation, plaintiff acknowledges that he became a plaintiff in this action by responding to an advertisement by plaintiff's counsel, Westrup Klick, LLP, in the San Francisco Bay Guardian. Id. at 60. Plaintiff testified that plaintiff's counsel told him "they were going to have a lawsuit," and that they were looking for a representative for a class action suit. Id. at 63-64. Plaintiff met his attorney in person for the first time the day before his deposition in this action. Id. at 60. Plaintiff did not read the complaint before it was filed. Id. at 99. By all appearances, virtually all of plaintiff's knowledge regarding this matter has come from his attorneys.

Additionally, this is not the first instance in which plaintiff's counsel has attempted to bring a class action against this defendant. Plaintiff's counsel brought a similar suit in the Southern District of California which was later dismissed when the plaintiff in that action failed to timely move for class [*4] certification. The judge in the Southern District action questioned plaintiff's counsel extensively about his relationship with the plaintiff, stating that "there has been some controversy in the past about the firm and its relationship to named plaintiffs." Bradley Dec., Exh. B at 14:2-18:22.

LEGAL STANDARD

A party seeking to certify a class must satisfy the four prerequisites enumerated in *Rule 23(a)*, as well as at least one of the requirements of *Rule 23(b)*. Under *Rule 23(a)*, the party seeking class certification must establish that: (1) the class is so large that joinder of all members is impracticable (i.e., numerosity); (2) there are one or more questions of law or fact common to the class (i.e., commonality); (3) the named parties' claims are typical of the class (i.e., typicality); and (4) the class representatives will fairly and adequately protect the interests of other members of the class (i.e., adequacy of representation). *Fed. R. Civ. P. 23(a)*. In addition to satisfying these prerequisites, parties seeking class certification must show that the action is maintainable under *Rule 23(b)(1)*, *(2)* or *(3)*. *Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997)*; [*5] see also *Fed. R. Civ. P. 23(b)*. Class actions for monetary damages are permissible where "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." *Fed. R. Civ. P. 23(b)(3)*. Satisfaction of *Rule 23(b)(3)* also requires that litigation of a class action be more efficient and fairer than alternative methods of adjudication. Id. The party seeking class certification bears the burden of establishing that the requirements of *Rule 23* have been met. See *Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1188 (9th Cir. 2001)*, amended by *273 F.3d 1266 (9th Cir. 2001)*; *Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992)*.

DISCUSSION

In light of plaintiff's undeniable and overwhelming ignorance regarding the nature of this action, the facts alleged, and the theories of relief against defendant, the court cannot conclude that he has met the threshold typicality or adequacy requirements of *Rule 23(a)*. It is clear from the record that plaintiff's counsel, and not plaintiff, [*6] is the driving force behind this action. Such a "cart before the horse" approach to litigation is not the proper mechanism for the vindication of legal rights. See *Meachum v. Outdoor World Corp., 654 N.Y.S.2d 240, 171 Misc. 2d 354, 369 (1996)* ("Solicitation of clients for the commencement or continuation of a class action is improper, sufficient to warrant denial of class action certification."). Furthermore, the Westrup Klick firm has had trouble regarding its choice of plaintiffs in the past. See *Apple Computer, Inc. v. Superior Court, 126 Cal. App. 4th 1253, 24 Cal. Rptr. 3d 818 (2005)* (disqualifying the Westrup Klick firm from a class action case where it was established that, "from 2003 to 2005, Westrup Klick and [another firm] had jointly filed 10 class actions under [California's Unfair Competition Law] in which an attorney from Westrup Klick or a relative of one of the attorneys was the named plaintiff"). The latest filing is just one more example of plaintiff's counsel's improper approach to consumer litigation.

That plaintiff's counsel constructed this lawsuit before it had a plaintiff cannot be denied. This fact is borne out not only by plaintiff's own admissions, but by [*7] plaintiff's counsel's previous abortive attempt to bring a seemingly identical lawsuit in another district. Indeed, counsel himself admitted at the hearing that he or his firm had the research performed on the product at issue and had a theory about the product's deficiencies. *Then,* armed with that information they went in search of a plaintiff, never mind the lack of a fitting plaintiff or the lack of ethical scruples. The instant action is nothing more than Westrup, Klick bringing its show to the Northern District and continuing its practice of selecting stand-in plaintiffs, even ones who are inappropriate.. To grant class certification in such circumstances would be to place this court's imprimatur on litigation practices which it finds abhorrent and inconsistent with the standards of federal class action suits.

In short, the conduct in this action does not look good, does not sound good, and does not smell good. In fact, it reeks. The court will not participate in this scheme by certifying a class.

CONCLUSION

For the foregoing reasons, the court hereby DENIES plaintiff's motion for class certification.

IT IS SO ORDERED.

Dated: April 25, 2007

MARILYN HALL PATEL

[*8] United States District Court Judge

Northern District of California