CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
SEP 12 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| LARRY MONROE,<br><br>                              *Plaintiff,*<br><br>v.<br><br>CITY OF CHARLOTTESVILLE, VIRGINIA, AND<br><br>TIMOTHY J. LONGO, SR. (IN HIS OFFICIAL CAPACITY), AND<br><br>JAMES MOONEY (IN HIS OFFICIAL CAPACITY),<br><br>                              *Defendants* | CIVIL NO. 3:05cv00074<br><br><br><u>CORRECTED MEMORANDUM</u><br><u>OPINION</u><br><br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's request for class certification. (*See* Second Am. Compl. ¶¶ 11–17) Because I find that Plaintiff would not adequately represent the class, as is required by Rule 23(a)(4) of the Federal Rules of Civil Procedure, I will deny his request in an order to follow.

## I. BACKGROUND

This case arises out of Defendants' investigation of an alleged serial rapist who has attacked women in the Charlottesville area. According to Plaintiff, a single individual has committed several sexual assaults in central Virginia over the past several years. Although the Defendants do not know the physical identification of the assailant,[1] they allegedly do have samples of the assailant's DNA; additionally, the victims of the assaults have consistently described the assailant as a youthful-looking black male.

---

[1] A suspect in the attacks was recently arrested, but that does not change my decision or the analysis that follows.

In response to reports of these assaults, Plaintiff alleges that Defendants adopted a policy by which they would approach (1) black (2) males (3) who were youthful-looking and (4) from whom Defendants had not previously obtained a DNA sample. Defendants allegedly then requested DNA samples from these individuals, one of whom was Plaintiff. Apart from sharing these characteristics (black, male, youthful-looking, no DNA on file), the individuals who were approached had little else in common—some were light-skinned, others had dark skin; some were short, others were tall; some were light and thin, others were broad and heavy.

Plaintiff alleges that none of the victims identified the assailant as a "noticeably broad or heavy" black male. Despite this allegation, Plaintiff—who is admittedly "noticeably broad and heavy"—alleges that Defendant James Mooney ("Mooney"), a police officer employed by the Charlottesville Police Department, visited Plaintiff at Plaintiff's home and coerced Plaintiff into giving Mooney a DNA sample, as were other black males. According to Plaintiff, these individuals could not decline giving consent to the DNA request without incurring negative consequences.

Plaintiff alleges that there have been reports of sexual assaults committed in the Charlottesville area by youthful-looking white males, but in these circumstances, Defendants have not instituted a policy whereby they approach youthful-looking white males and request a DNA sample.

Plaintiff therefore sued Defendants, alleging violations of the Equal Protection Clause of the Fourteenth Amendment and violations of the Search and Seizure Clause of the Fourth Amendment. The only remaining claims are part of Count I (an equal protection claim regarding Defendants' alleged-race based policy) and Count III (a Fourth Amendment search and seizure claim).

Plaintiff's second amended complaint includes a request for class certification (*see*

Second Am. Compl. ¶¶ 11–17) and the parties have briefed the issue. Plaintiff now seeks class certification with respect only to Count 1. (*See* Pl.'s Supplemental, Updated Mem. in Supp. of His Req. for Class Certification 4)

## II. APPLICABLE LAW

Rule 23 of the Federal Rules of Civil Procedure governs class actions. In the Fourth Circuit, the burden of proving the Rule 23 requirements is on the plaintiff. *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 317 (4th Cir. 2006); *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 370 (4th Cir. 2004) ("[T]he plaintiffs bear the burden ... of demonstrating satisfaction of the Rule 23 requirements ...."); *Lienhart v. Dryvit Systems, Inc.*, 255 F.3d 138, 146 (4th Cir. 2001) ("The party seeking class certification bears the burden of proof."). The decision of whether to certify a class is within a trial court's "broad discretion." *Thorn*, 445 F.3d at 317.

Specifically, Rule 23(a) sets forth the prerequisites to a class action. *See* Fed. R. Civ. P. 23(a); *see also Thorn*, 445 F.3d at 317. Under Rule 23(a), a plaintiff may sue as a representative of a class only if:

> (1) the class is so numerous that joinder of all members is impracticable,
> (2) there are questions of law or fact common to the class,
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). These requirements are frequently shortened to the one-word phrases (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy. *E.g., Thorn*, 445 F.3d at 318 ("The requirements of Rule 23(a) are familiar: numerosity of parties, commonality of factual or legal issues, typicality of claims and defenses of class representatives, and adequacy of representation."). Once the Rule 23(a) prerequisites are met, a class action is maintainable so long as one of the subsections of Rule 23(b) is also met. *See* Fed. R. Civ. P. 23(b); *see also*

– 3 –

*Thorn*, 445 F.3d 311, 318 (4th Cir. 2006). Defendants dispute Plaintiff's adequacy under prong four.

"The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). The adequacy requirement "tends to merge with the commonality and typicality criteria of Rule 23(a), which serve as guideposts for determining whether maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id.* at 625–26 n.20 (alteration omitted) (internal quotation marks omitted) (omission in original omitted) (citing *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 157, n.13 (1982)). The adequacy requirement "also factors in competency and conflicts of class counsel." *Id.*

Factors courts use in determining whether a plaintiff has met the requirement under Rule 23(a)(4) that he "fairly and adequately protect the interests of the class" include: whether he will vigorously prosecute the claim, *see Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1346 (11th Cir. 2001); *Clark v. Cameron-Brown Co.*, 72 F.R.D. 48, 54 (M.D.N.C. 1976); "the zeal and competence of the representative['s] counsel," *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001) (alteration in original); "the willingness and ability of the representative[s] to take an active role in and control the litigation and to protect the interests of absentees," *id.* at 479, 480–84 (alteration in original); honesty, conscientiousness, and other personal qualities, 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1766 (3d ed. 2005) (collecting cases); and his "knowledge or understanding concerning what the suit is about," although he need not know "of all of the intricacies of the litigation," *id.* This last inquiry

is important "to ensure that the parties are not simply lending their names to a suit controlled entirely by the class attorney." *Id.*

## III. DISCUSSION

Defendants opposed class certification and, in their memorandum, only disputed Plaintiff's adequacy as a class representative.[2] *See* Fed. R. Civ. P. 23(a)(4). Defendants claim that Plaintiff's deposition from June 2006 reveals that he had never seen the complaint before it was filed, did not recognize the complaint after it was filed, did not know whom he had sued, and that he was confused about when the lawsuit was filed. (Defs.' Mem. in Opp'n to Class Action Certification 1–2) Defendants submitted an affidavit from William Sclafani—a Charlottesville police officer—with their memorandum in opposition; Sclafani stated that during a conversation with Plaintiff in May 2006, Plaintiff exhibited signs that he was confused and perhaps upset about his case. (*See* Sclafani Aff. ¶ 3–7) Plaintiff did not file a reply memorandum and revealed at argument that he instead chose to rely only on his deposition[3] and the testimony of one of his attorneys. (*See* Mot. Hr'g Tr. 3:21–4:1, July 20, 2007)

---

[2] Defendants stated at oral argument that they also opposed certification under Rule 23(b). (*See* Tr. of Mot. Hr'g 40:15–20, July 20, 2007, docket entry no. 93) But because I agree with Defendants' argument that Plaintiff is not an adequate representative under Rule 23(a)(4), I need not reach the question of whether Plaintiff has met his burden under Rule 23(b). *See, e.g., Lukenas v. Bryce's Mountain Resort, Inc.*, 538 F.2d 594, 596 (4th Cir. 1976) (noting that it is unnecessary to consider whether a plaintiff has met the Rule 23(b) requirements if he has not met the Rule 23(a) requirements).

[3] The next business day after the hearing, Plaintiff's counsel submitted an affidavit of Plaintiff in which he disputes portions of the occurrences described in Sclafani's affidavit. (*See* Monroe Aff. ¶¶ 3–4) Defendants urge me to not consider the affidavit because, among other things, it was untimely filed. I agree. In a pre-hearing order, I gave the parties deadlines for filing memoranda in support of their positions. Plaintiff was ordered to file a supporting memorandum, Defendants were ordered to file a response memorandum, and Plaintiff was ordered "to file a reply memorandum, *if he so chooses*, by Friday, July 13, 2007." (*See* Order, June 21, 2007 (docket entry no. 84) (emphasis added)) Plaintiff filed his supporting memorandum and Defendants filed their response memorandum, including Sclafani's affidavit. Plaintiff did not file a reply memorandum by the deadline and thereafter provided no other evidence for me to consider other than the testimony of one of his attorneys (which only came after I reminded him more than once that Plaintiff had no evidence in the record—other than Plaintiff's deposition—to contradict Sclafani's affidavit). Indeed, Plaintiff's counsel stated repeatedly during the hearing that he was relying solely on the deposition of his client from June 29, 2006. (*See* Tr. of Mot. Hr'g 15:10–11, 15:17–18, 17:24–18:7, 18:11–14, 19:13–17, 19:23–24, 24:12–13, 25:4–10, 29:15–20, 29:24–30:1, 31:20, 33:21, 34:6–13, 36:16–20, 36:23–37:10, 51:9–25, July 20, 2007) Only after the hearing did Plaintiff submit the affidavit at issue. The burden of proof on this

-5-

Sclafani stated that in May 2006, he encountered Plaintiff on the Downtown Mall in Charlottesville and that Plaintiff "began talking to me as he normally does." (Sclafani Aff. ¶ 2) Sclafani stated that Plaintiff read in the newspaper that someone had filed suit in his name, but that he was unaware of the suit. (Sclafani Aff. ¶ 3–4) Sclafani's affidavit also states that Plaintiff said he had trouble getting in touch with his attorney (Sclafani Aff. ¶ 4); Plaintiff's attorney testified at the hearing that although she "tr[ies] to be an attorney who always returns calls," she "was out of the country briefly in May" and that "[i]t [was] possible he called." (Mot. Hr'g Tr. 23:15–19, July 20, 2007) There is conflicting testimony regarding who initiated contact regarding the lawsuit: Sclafani's affidavit states that Plaintiff said his attorney initially contacted Plaintiff (Sclafani Aff. ¶ 5), but Plaintiff's attorney testified that it was Plaintiff who first contacted her. (Mot. Hr'g Tr. 26:1–7, July 20, 2007) Plaintiff told Sclafani that Plaintiff and Mooney had known each other for awhile and that they were friendly with each other. (Sclafani Aff. ¶ 6) Importantly, Plaintiff allegedly told Sclafani that the lawsuit was making Plaintiff look bad and that he did not know what was going on. (Sclafani Aff. ¶ 7)

Plaintiff was deposed on June 29, 2006, solely for the purpose of class certification and his attorneys stated repeatedly during the hearing that they would rely heavily—even exclusively—on that deposition in proving that Plaintiff has met the Rule 23(a) requirements. (*See* Tr. of Mot. Hr'g 15:10–11, 15:17–18, 17:24–18:7, 18:11–14, 19:13–17, 19:23–24, 24:12–13, 25:4–10, 29:15–20, 29:24–30:1, 31:20, 33:21, 34:6–13, 36:16–20, 36:23–37:10, 51:9–25, July 20, 2007) Plaintiff stated in his deposition that although he understood that a lawsuit had been filed (*see* Monroe Dep. 8:13–15), he did not recognize the complaint (*see* Monroe Dep.

---

issue is Plaintiff's to bear, which is why it is "essential that a plaintiff be afforded a full opportunity to develop a record containing all the facts pertaining to the suggested class and its representatives." *Int'l Woodworkers of Am. v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1268 (4th Cir. 1981). Here, there were two hearings that were a

7:19–8:12). Plaintiff's counsel would not allow Plaintiff to state when the latter had first considered filing suit or when he had authorized the filing of the lawsuit, claiming attorney-client privilege.[4] (*See* Monroe Dep. 8:16–11:24) Additionally, Plaintiff seemed to think that he had filed the lawsuit at issue here immediately upon losing a similar case in state court in January 2005, when, in fact, it was filed in December 2005. (*See* Monroe Dep. 15:19–16:9) Plaintiff also could not answer Defendants' question, "[w]hen did you first learn that you had filed a lawsuit in Federal Court?" (*see* Monroe Dep. 16:3–6, 16:24–17:3) and was told by his attorney to not answer Defendants' question, "[d]id you know that you had filed it before it was actually filed?" (*see* Monroe Dep. 16:10–16:19).[5] The deposition also reveals that Plaintiff and Defendant Mooney had known each other for a couple of years prior to the time Plaintiff was approached for DNA (*see* Monroe Dep. 35:21–23) and that Plaintiff knew Mooney well enough—"[w]e were cool" (*see* Monroe Dep. 36:7–10)—to call him simply "Mooney" (*see* Monroe Dep. 35:24–36:4).

Based on this evidence, I cannot conclude that Plaintiff would "fairly and adequately protect the interests of the class." Plaintiff hinged much of his adequacy argument on the fact that there was no conflict or adversity between Plaintiff and the members of the proposed class. (*See* Mot. Hr'g Tr. 16:25–17:4, 34:14–19, 36:6–8, July 20, 2007) Although a conflict may be sufficient to preclude class certification, *e.g.*, *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 337–38 (4th Cir. 1998) (holding that "manifest conflicts of interest" among

---

year apart, before and during which Plaintiff had ample opportunity to present evidence.

[4] During the deposition, Plaintiff's attorney objected and Plaintiff never stated when he first considered filing a lawsuit or when he first authorized the filing of the lawsuit. Inasmuch as the first question does not contemplate a communication between Plaintiff and his attorney and the second question does not seem to contemplate a confidential communication between Plaintiff and his attorney, it would seem as though the privilege would not apply. Even if it did apply, it is unclear why Plaintiff's attorney would invoke the privilege for seemingly benign information, especially considering the burden is on the Plaintiff to prove that he meets the Rule 23(a) requirements.

[5] Plaintiff's attorney again objected on the basis of attorney-client privilege, but Defendants are not seeking information from a *communication* made between Plaintiff and his attorney; instead, the question merely inquires whether Plaintiff knew that a lawsuit had been filed in his name before the time that his attorneys actually filed the

members of proposed class precludes class certification), a lack of a conflict—alone—is not enough to find that Rule 23(a)(4) has been met. Indeed, as set forth above, courts consider many other factors to determine whether the Plaintiff will be an adequate representative.

Here, I cannot conclude that Plaintiff has carried his burden of proving that he will vigorously prosecute the claim against Defendants, *see Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1346 (11th Cir. 2001); *Clark v. Cameron-Brown Co.*, 72 F.R.D. 48, 54 (M.D.N.C. 1976), or that he will "take an active role in and control the litigation," *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479, 480–84 (5th Cir. 2001). Instead, based on the evidence stated above, it seems more likely in this case that Plaintiff is merely "lending [his] name[] to a suit controlled entirely by the class attorney." 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1766 (3d ed. 2005). There is no evidence before me that would allow me to conclude that Plaintiff has taken a supervisory role—in any shape or fashion—over his counsel. *See, e.g., Griffen v. GK Intelligent Sys., Inc.*, 196 F.R.D. 298, 302 (S.D. Tex. 2000) (holding that the proposed class representative was inadequate because, in part, they had "taken little or no supervisory role over lead counsel" and because they did not "participate in litigation decisions" and, importantly, only "learn[ed] of activity in the case when they are copied on matters already completed"). Indeed, Plaintiff himself seems to have repeatedly curried favor with at least one member of the police department (Plaintiff and Defendant Mooney were on a one-word, last-name basis with each other and had known each other for at least a couple of years), but, at the same time, he also seeks to represent a class of plaintiffs who, should they be joined, would be entitled to vigorous prosecution of that same police officer and his employer.

---

lawsuit. As such, it would not appear that Plaintiff's answer to this question would be protected by the attorney-client privilege. Regardless, Plaintiff did not answer the question.

- 8 -

Case 3:05-cv-00074-NKM-JGW   Document 100   Filed 09/12/07   Page 8 of 9   Pageid#: 769

## IV. CONCLUSION

Because I find that Plaintiff is not an adequate representative of the proposed class, I will deny his request for class certification pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Corrected Memorandum Opinion to all counsel of record.

ENTERED: *(signature)*
United States District Judge

Sept. 12, 2007
Date