IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
JAN 1 8 2008
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

---

LARRY MONROE,

                  *Plaintiff,*

         v.

CITY OF CHARLOTTESVILLE, VIRGINIA, ET AL.,
                *Defendants.*

CIVIL NO. 3:05cv00074

MEMORANDUM OPINION AND ORDER

JUDGE NORMAN K. MOON

---

This matter is before the Court on Plaintiff's Amended Motion to Withdraw Reference of Pre-Trial Matters or to Transfer Reference to Magistrate Judge Urbanski (docket entry no 115).[1] With this motion, Plaintiff asks that I withdraw the reference of nondispositive pretrial matters in this case from Magistrate Judge Welsh because "there is an appearance of bias on the part of Judge Welsh as to Ms. [Deborah] Wyatt," who is co-counsel for Plaintiff. The allegation of bias is based on the fact that in an unrelated case, *Bowers v. University of Virginia*, Civ. No. 3:06cv00041,[2] Judge Welsh awarded sanctions against Ms. Wyatt and made several comments critical of the lawyering skills she had demonstrated.[3]

Plaintiff does not cite a legal basis for the relief requested and does not suggest any standard that should be used to evaluate his assertions. Plaintiff's use of the phrase "appearance of bias," however, is suggestive of the standard for disqualification set forth in 28 U.S.C. § 455(a), which states in relevant part that a magistrate judge "shall disqualify himself in any

---

[1] Plaintiff has withdrawn the unamended version of this motion (docket entry no. 113).

[2] Plaintiff's motion actually cites Civ. No. 3:04cv00081, which is not the case number for *Bowers*, but rather a different case in which Ms. Wyatt has appeared. The circumstances described in the motion make clear, however, that Plaintiff is referring to *Bowers v. University of Virginia*.

[3] Ms. Wyatt and co-counsel have appealed Judge Welsh's sanctions in *Bowers*, and the issue is currently pending. Nothing in this opinion should be construed as addressing the merits of that appeal.

proceeding in which his impartiality might reasonably be questioned." Although not directly applicable to Plaintiff's motion because it does not ask Judge Welsh to disqualify himself, the § 455(a) standard does provide guidance in determining whether the alleged "appearance of bias" actually exists. In elaborating on this standard, the Supreme Court stated as follows:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. . . . Not establishing bias or partiality . . . are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune.

*Liteky v. U.S.*, 510 U.S. 540, 555–56 (1994) (citations omitted).

With this standard in mind, it is clear that the conduct of Judge Welsh that Plaintiff complains of is wholly inadequate to sustain a claim of bias or the appearance of bias. The sanctions awarded against Ms. Wyatt were a judicial ruling that has been properly appealed. The mere fact that Judge Welsh ruled against Ms. Wyatt, even if done erroneously, does not suggest bias or partiality. As for Judge Welsh's comments, although somewhat critical of Ms. Wyatt's performance, they do not demonstrate even a short temper, much less "a deep-seated . . . antagonism that would make fair judgment impossible." *Id.* at 555.

Accordingly, Judge Welsh's impartiality in this proceeding cannot "reasonably be questioned," 28 U.S.C. § 455(a), and there is therefore no "appearance of bias." Indeed, I am fully confident in Judge Welsh's ability to fairly and impartially adjudicate the pretrial, nondispositive matters in this case. Thus, for all of the foregoing reasons, Plaintiff's Amended

- 2 -

Motion to Withdraw Reference of Pre-Trial Matters or to Transfer Reference to Magistrate Judge

Urbanski (docket entry no 115) is hereby DENIED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all

counsel of record.

ENTERED: _____
United States District Judge

_____
Date

- 3 -